(Pleito No. 55.—Fallado el 2 de Junio de 1900.)

ALAYÓN contra EL REGISTRADOR DE LA PROPIEDAD.

SOLICITUD de un *Mandamus.*

MANDAMUS. Será procedente librar un mandamiendo á un Registrador de la Propiedad cuando sea para ordenarle la cancelación de un embargo, lo mismo que de una hipoteca, (habiendo mediado una venta judicial), ó de cualquier otro gravamen posterior aun cuando la cantidad obtenida hubiese llegado solamente á cubrir gravámenes anteriores.

### RESOLUCIÓN.

Puerto Rico, dos de Junio de mil novecientos.—Visto el presente recurso gubernativo, interpuesto por Doña Micaela Alayón y Céspedes, contra la negativa del Registrador de la Propiedad de esta Capital, á cancelar ciertos gravámenes, pendiente de resolución ante este Tribunal, por virtud de lo dispuesto por la Orden General número 99 de treinta de Abril último.—1.º Resultando: Que seguido juicio declarativo de menor cuantía, ante el Tribunal del Distrito de San Juan, por Doña Cesárea Gómez, viuda de Balasquide, contra Don Epifanio R. Mesa y Don Gabino Alvaro Dordal y Erazo, en cobro de pesos, se practicó el embargo de una casa de la propiedad de uno de los deudores, y sacada á pública subasta y aprobado el remate de la misma, se libró mandamiento al Registrador de la Propiedad de esta Capital, para la cancelación de la anotación del embargo del crédito de la ejecutante y de las hipotecas y anotaciones posteriores á que estuviera afecta la casa embargada, por no haber sido suficiente el precio obtenido en el remate para cubrir el crédito de la ejecutante, según lo comprobaba, la liquidación de cargas que había sido aprobada y obraba inserta en el mandamiento de referencia, en el que se insertaba, además, en lo conducente, la providencia que había ordenado la cancelación, por la que se disponía, en vista de los artículos 1,516 y 1,517 de la Ley de Enjuiciamiento Civil, que se cancelaran las inscripciones de las hipotecas y anotaciones á que estuviere afecta la finca vendida y fueran

posteriores á la fecha de la anotación del crédito objeto del remate aprobado, que también se cancelaría para lo cual se expidiera mandamiento, por duplicado, al Registrador de la Propiedad de este Distrito, en el que se expresara que el importe de la venta no había sido suficiente para cubrir el crédito de la ejecutante; haciéndose constar, además, en el referido mandamiento, que el crédito de aquella aparecía anotado después de las hipotecas de Don Benito Dordal y Don Emigdio S. Ginorio y de la anotación de Don Juan Cortines, ascendentes en conjunto á dos mil trescientos cincuenta y cinco pesos ochenta y un centavos: que Doña Micaela Alayón y Céspedes había rematado la finca en dos mil trescientos cincuenta y seis pesos ochenta y seis centavos, importe de las dos terceras partes de los tres mil quinientos treinta y cinco pesos treinta centavos del avalúo, reconociendo las cargas de la misma hasta donde alcanzara el precio ofrecido, cuya proposición había sido aprobada, habiéndose dispuesto, además, hacer saber á Don Manuel M. Ginorio, actual dueño del inmueble, otorgase la escritura de venta á favor de la compradora.—2º Resultando: Que presentado dicho mandamiento al Registrador de la Propiedad, se negó éste á cumplirlo, devolviéndolo con la siguiente nota; "No admitidas las cancelaciones ordenadas en el precedente mandamiento, porque la concelación establecida en el artículo 125 de la Ley Hipotecaria, sólo se refiere al caso de seguirse el procedimiento en cobro de créditos hipotecarios, no teniendo este carácter la acreencia de Doña Cesárea Gómez y suspendida además, por no ser ejecutoria la providencia ordenando dichas cancelaciones, y porque existiendo gravámenes posteriores á la anotación de embargo á favor de dicha Sra. Gómez, no aparece del documento que se haya hecho la notificación que dispone el artículo 1,488 de la Ley de Enjuiciamiento Civil; y no pareciendo subsanable el primero de dichos defectos, no es admisible la anotación preventiva."
—3º Resultando: Que contra la negativa del Registrador interpuso Doña Micaela Alayón el presente recurso guberna-

tivo, ante el Honorable Presidente de este Tribunal Supremo de Justicia, en solicitud de que se revocara la nota denegatoria del Registrador y se le ordenara la práctica de las cancelaciones dispuestas por el Tribunal del Distrito, exponiendo que Doña Cesárea Gómez, viuda de Balasquide, había seguido juicio declarativo contra Don Gabino Dordal y otro, en cobro de pesos, procedentes de una obligación personal, y embargó entre otros bienes y como de la propiedad del Dordal, la casa, Norzagaray número 2, que estaba afecta á varias hipotecas. Que anotado el embargo se tramitó la vía de apremio y rematada la casa por las dos terceras partes de su avalúo que cubrían las cargas anteriores al crédito de la ejecutante y parte de éste, aprobó el remate la Corte del Distrito, mandando otorgar la escritura al dueño de la finca y que se cancelasen las hipotecas y anotaciones que fueren posteriores al crédito anotado de la demandante, porque el importe de la venta no había sido suficiente para cubrirlo, y que librado mandamiento al Registrador se había negado á cumplirlo, por las razones expuestas en su nota al pie del mismo; y alegando además en apoyo de su solicitud, entre otras consideraciones, que rematada una finca en pública subasta para el cobro de un crédito hipotecario, si el precio que se obtiene en el remate sólo alcanza á cubrir los créditos preferentes al del ejecutante, los posteriores deben cancelarse, no hay una razón para que no se siga igual procedimiento cuando la ejecución tiene por objeto el cobro de un crédito quirografario ó personal; que la razón inductiva de la Ley es la misma en un caso que en otro; que el crédito personal, desde que se anota el embargo en el Registro, constituye una carga real que grava la finca y goza de preferencia con relación á los demás que puedan imponerse después; que según el Real Decreto de veinte de Mayo de mil ochocientos ochenta, de conformidad con la doctrina sentada por el Tribunal Supremo de España en sentencia de seis de Diciembre de mil ochocientos setenta y seis, no se necesita el asentimiento de los acreedores hipotecarios

para la cancelación de sus créditos, cuando vendida la finca hipotecada en pública subasta, no alcanza á cubrirlos todos el precio de la venta, por tratarse de un caso de cancelación forzosa, impuesta por la Ley por accidentes independientes de la voluntad de las partes, cual es el no haberse encontrado postor que mejorase la oferta del rematista, de tal manera, que cobrasen todos sus créditos y sobrase algún dinero para los deudores; y por último, que podía asegurar que á todas las personas que tenían á su favor créditos impuestos sobre la casa embargada, se les había hecho la notificación que ordena el artículo 1,488 de la Ley de Enjuiciamiento Civil.—4º  Resultando:  Que pedido informe al Tribunal de Distrito de San Juan y al Registrador de la Propiedad de esta Capital, lo evacuó el primero, alegando las mismas ó parecidas razones que la recurrente y exponiendo además que si bien el mandamiento ordenando la cancelación se libró el mismo día en que se dictó la providencia acordando aquella el ejecutante y los ejecutados, únicas partes en el pleito, y la rematista, estuvieron conformes en la cancelación y que á pesar del tiempo transcurrido, ningún recurso se había establecido contra la mencionada providencia; y el segundo, ó sea el Registrador, insistiendo en su negativa y manifestando además, que la cancelación establecida en el artículo 125 de la Ley Hipotecaria se refiere solamente al caso de seguirse el procedimiento en cobro de créditos hipotecarios, fundando este criterio en el tenor literal del párrafo 2º de dicho artículo, en la regla segunda del 137 del Reglamento, en el artículo 1,514, en relación con el 1,516, de la Ley de Enjuiciamiento Civil, todos los cuales hacen referencia á la ejecución seguida para pago á acreedores hipotecarios, y en la resolución de trece de Marzo de mil ochocientos noventa y cinco, dictada por la Sección de los Registros del Ministerio de Ultramar; que la acreencia, cuyo pago había reclamado Doña Cesárea Gómez, no tenía el carácter de hipotecaria, por lo que había creído el informante que procedía denegar las cancelaciones ordenadas en

el mandamiento de referencia; que el artículo 1,488 de la Ley de Enjuiciamiento Civil dispone que se haga saber el estado de la ejecución á los acreedores posteriores, para que intervengan en el avalúo y subasta de los bienes, y en el mandamiento no hay constancia de que se haya llenado ese requisito respecto á los que han inscrito con posterioridad á la anotación de la señora. Gómez, los gravámenes que se mandan cancelar, sin que aparezca siquiera que se les haya noticiado que se seguía procedimiento de apremio contra la finca responsable, para que pudieran utilizar el medio que les ofrece la Ley, á fin de que el inmueble se rematase por el mayor precio posible; y por último, que la providencia acordando la cancelación, había sido dictada en diez de Marzo último y el mandamiento librado al Registrador tenía la misma fecha, por lo que no era ejecutorio el auto. como exige el artículo 82 de la Ley Hipotecaria.—5º  Resultando:  Que elevados á la Presidencia de este Tribunal los informes evacuados por el Hon. Presidente del de Distrito de San Juan y el Registrador de la Propiedad de esta Capital, se manda dar cuenta á este Tribunal Supremo para la resolución del concurso interpuesto, de conformidad con la Orden General número 99 de treinta de Abril último.—1º  Considerando: Respecto al primer motivo en que se funda la negativa del Registrador, que si bien los artículos de la Ley de Enjuiciamiento Civil y de la Ley Hipotecaria y de su Reglamento que se citan por aquél en su informe, se refieren al caso de que se siga la ejecución en cobro de créditos hipotecarios, los preceptos que dichos artículos establecen son perfectamente aplicables á los casos en que la ejecución se siga para el cobro de créditos personales, toda vez que los acreedores de esta clase tienen perfecto derecho para perseguir todos los bienes de su deudor, inclusos los hipotecados aunque sin perjuicio de las hipotecas y demás cargas que deban gozar de preferencia, con arreglo á las leyes, como así se infiere del artículo 1,111 del nuevo Código Civil, al disponer que los acreedores, después de haber perseguido los bienes de que

esté en posesión el deudor para realizar cuanto se les deba, pueden ejercitar todos los derechos y acciones de éste, con el mismo fin, exceptuando los que sean inherentes á su persona, é impugnar los actos que el deudor haya realizado en fraude de su derecho, y como lo reconoce también terminantemente el artículo 128 de la Ley Hipotecaria vigente, al prescribir en su inciso ó apartado 4? que cuando se subaste la finca hipotecada á instancia de un segundo ó posterior acreedor hipotecario, ó de acreedores comunes, se declarará sin efecto tal subasta si no se ofrece cantidad suficiente para pagar con los intereses que consten en el Registro, todos los créditos anteriormente inscritos.—2? Considerando: Que aprobada como lo ha sido por el Tribunal del Distrito de San Juan, la oferta hecha en el acto de la subasta por Doña Micaela Alayón, de pagar las dos terceras partes de la tasación de la casa embargada, reconociendo las cargas de la misma hasta donde alcance el precio ofrecido, y apareciendo de la liquidación de cargas practicada, y aprobada también por el Tribunal del Distrito, que los dos mil trescientos cincuenta y cinco pesos, ochenta y un centavos, á que asciende el precio obtenido en el remate, cubren los créditos inscritos con anterioridad á la notación del embargo del de la ejecutante y parte del crédito de ésta, los posteriores que no han alcanzado á cobrar con el precio de la venta, deben cancelarse, atendida la preferencia que sobre el valor de los bienes anotados concede el artículo 44 de la Ley Hipotecaria vigente, al que obtuviese anotación preventiva de embargo, sobre los que tengan contra el mismo deudor otros créditos contraídos con posterioridad á dicha anotación, como así lo ha ordenado el Tribunal del Distrito de San Juan en uso de su competencia y con vista de la certificación de cargas librada por el Registrador de la Propiedad, cuyo examen le habrá permitido apreciar, con suficiente conocimiento de causa, la preferencia respectiva de los créditos, sin perjuicio del derecho de los acredores postergados para impugnarla y para deducir las demás acciones que le competan contra el deudor, con arreglo á las

leyes.—3º Considerando: Que según el artículo 132 del Reglamento de la Ley Hipotecaria, uno de los casos en que debe considerarse extinguido el derecho real inscrito para los efectos del número 2º del artículo 79 de la referida ley, ó sea, para pedirse y ordenarse en su caso la cancelación total, es precisamente cuando vendida la finca gravada judicialmente y pagando al primer acreedor hipotecario, no quedase residuo para aplicar á los demás créditos posteriormente inscritos, conforme á lo dispuesto en el artículo 125 de la expresada ley; y por consiguiente, haciendo aplicación de ese principio al caso que motiva el presente recurso, es evidente que los créditos inscritos con posterioridad á la anotación de embargo del de la ejecutante, deben cancelarse en su totalidad, porque habiendo sido aplicado el precio obtenido en el remate de la casa á cubrir los créditos de preferencia, sin quedar sobrante alguno que pudiera aplicarse al pago de los inscritos con posterioridad, se ha extinguido para éstos el derecho real que tenían constituído á su favor sobre la casa embargada, y que se reducía á cobrar con el sobrante que resultara del precio obtenido en la subasta de la misma, después de cubiertos los créditos anteriores, que es precisamente un caso análogo al del número 3º del artículo 132 del Reglamento de la Ley Hipotecaria de que se ha hecho referencia.—4º Considerando: Respecto de los otros dos defectos, consignados en la nota del Registrador, que no constando en el mandamiento se hubiese cumplido con el precepto del artículo 1,488 de la Ley de Enjuiciamiento Civil, de hacerse saber el estado de la ejecución á los acreedores por créditos inscritos con posterioridad al de la ejecutante, para que hubieran podido intervenir en el avalúo de la casa embargada, ni que la providencia ordenando la cancelación de los referidos créditos fuere ejecutoria, constituían realmente defectos que impedían cumplir el mandamiento de referencia, con arreglo á la legislación entonces vigente, pero que calificándolos el mismo Registrador de subsanables, no obstan hoy para que puedan

practicarse las cancelaciones ordenadas, aunque á reserva de subsanarse los defectos anotados por el Registrador, en conformidad á lo que dispone la Orden General número 99 de treinta de Abril último.—Vistas las disposiciones legales citadas.—Se revoca la nota denegatoria puesta por el Registrador de la Propiedad de esta Capital al pie del mandamiento que ha motivado el presente recurso gubernativo, y practíquense por el mismo las cancelaciones ordenadas por el Tribunal del Distrito de San Juan, en la forma procedente; librándose copia certificada de esta resolución, que se publicará en la *Gaceta*, al expresado Tribunal, para la notificación de los interesados y demás efectos consiguientes.—Así lo acordaron y firman los Sres. del Tribunal, de que certifico.

José S. Quiñones.—José C. Hernández.—José Mª Figueras. —Rafael Nieto Abeillé.—Juan Morera Martínez.—E. de J. López Gaztambide, *Secretario.*